QUIÑONES ET AL., DEMANDANTES Y APELADAS, *v.* EL BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO ET AL., DEMANDADOS Y APELANTES.

No. 3316.—*Visto:* Junio 12, 1924.  *Resuelto:* Julio 29, 1924.

BANCOS—NULIDAD DE ELECCIÓN DE DIRECTORES—CAUSA DE ACCIÓN—RESIDENCIA—ELECCIÓN DE DIRECTORES—INTERPRETACIÓN DE REGLA SOBRE RESIDENCIA DE LOS DIRECTORES DEL BANCO.—Interpretando un estatuto del Banco Territorial y Agrícola de Puerto Rico según el cual el presidente y dos vice-presidentes de la institución ''deberán residir precisamente en la ciudad de San Juan,'' *se resolvió:* que la residencia material de tales funcionarios en San Juan no se requiere como requisito previo a la elección. Por lo que, una demanda para que se declare la nulidad de la elección de alguno de dichos funcionarios no aduce hechos suficientes si no alega que el demandado ha aceptado el cargo sin residir materialmente en San Juan, que es lo que significa la palabra ''precisamente'' que emplea el estatuto objeto de la interpretación.

SENTENCIA de *C. E. Foote,* J. (San Juan, Primer Distrito), en una acción sobre nulidad de elección de una sociedad anónima, declarando con lugar la demanda, con costas. *Revocada.*

J. *de Guzmán Benítez,* abogado de los apelantes; *F. Soto Gras,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

En este caso se dictó sentencia sobre las alegaciones y se declaró que Manuel González y Martínez no es residente de la ciudad de San Juan; que por esta razón no es elegible para el cargo de Primer Vicepresidente del Banco Territorial y Agrícola de Puerto Rico; que su elección para dicho cargo, que se llevó a efecto el 18 de julio de 1923, es nula y sin valor ni efecto alguno; y por último, que no tiene derecho a ocupar ese cargo y debe cesar en el desempeño del mismo.

La demanda que fué interpuesta por los demandantes en

su carácter de accionista del Banco Territorial y Agrícola de Puerto Rico, se dirigió contra esta institución·y los deman-·dados Rafael Fabián y Manuel González y Martínez, quienes ·excepcionaron dicha demanda fundándose en la indebida acu-mulación de partes demandadas y en la falta de hechos su-ficientes para determinar una causa de acción. Estas excep-·ciones fueron declaradas sin lugar y ellas constituyen la materia más importante de los errores que la apelante se-ñala en su alegato.

En la demanda se alega que la Junta General de Accio-nistas del Banco Territorial y Agrícola de Puerto Rico, en sesión celebrada el 18 de julio de 1923, eligió para el cargo de Presidente al demandado Rafael Fabián y para el de Primer Vicepresidente al demandado Manuel González y Mar-tínez, quienes aceptaron dichos cargos y que·inmediatamente después de proclamarse el resultado del escrutinio, los de-mandantes, como accionistas presentes por medio de su apoderado protestaron de la elección y pidieron su reconsi-deración porque ninguno de dichos dos electos residía preci-samente en la ciudad de San Juan, pues Rafael Fabián tenía su residencia en Asturias, España, y Manuel.González y Mar-tínez la tenía en Salinas, P. R., y que la presidencia de la junta declaró no haber lugar a la reconsideración. Se alegó ·asimismo que los estatutos de la asociación disponen que el . presidente y los dos vicepresidentes deberán residir precisa-mente en la ciudad de San Juan y se transcribe el artículo 88 de dichos estatutos, que dicen:

"Art. 88.—El consejo de Administración se compondrá de quince miembros, incluyendo el Presidente y dos Vicepresidentes, primero y segundo, quienes deberán residir precisament en la ciudad de San Juan, pudiendo los demás consejeros residir en esta ciudad o en cualquier otro punto de la Isla."

No dice el estatuto que para ser elegido para cualquiera de dichos cargos se hace indispensable la residencia precisa-mente en San Juan como condición previa a la elección.

Esto no se prescribe expresamente ni tampoco se puede llegar a tal conclusión mediante una interpretación liberal, pues para eso tendríamos que forzar los términos de dicho estatuto. Por el contrario, una interpretación recta del mismo y más en armonía con el buen sentido de las cosas, nos conduce a afirmar que fué la intención del cuerpo legislativo del banco que intervino en su redacción, de imponer la condición de la residencia material en San Juan más bien para el ejercicio o desempeño del cargo y no como requisito previo al acto de la elección, pues era la manera de conseguir agentes que residiendo o trasladando su residencia a San Juan habían de prestar continuamente sus servicios al banco. Y si ésta es la lógica interpretación del artículo 88, *supra,* y no se alega en la demanda que uno y otro demandado han aceptado sus respectivos cargos sin residir materialmente en San Juan, que es lo que implica la palabra "precisamente" que emplea el estatuto, claro es que la demanda no contiene hechos suficientes para constituir una causa de acción.

Respecto a la indebida acumulación de partes demandadas que alega el apelante, estamos más bien conformes con los puntos de vista que sostienen los apelados y especialmente con la regla general bien establecida en Fletcher Cyclopedia of Private Corporations, vol. 5, pág. 5009, que dice:

En lo que respecta a los procedimientos seguidos contra funcionarios que usurpan cargos de corporaciones, está bien establecido que pueden nombrarse como demandados varios funcionarios como cuando se trata de síndicos de una corporación. La alegación de que tal acumulación de partes es indebida, se funda en la teoría de que cada funcionario desempeña un cargo independiente que debe ser objeto de una acción por separado. La cuestión surgió hacia el año 1776 en un caso que afectaba a los funcionarios de un pueblo y fué revocada por Lord Mansfield y sus asociados. Esta decisión ha sido observada en casos que afectan a funcionarios de corporaciones privadas."

En virtud de la conclusión a que hemos llegado por no

ser suficiente la demanda, no es necesario considerar los demás motivos de error que discute el apelante, por lo que la sentencia de la corte inferior *debe revocarse y dictarse otra declarando sin lugar la demanda, sin costas.*